**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**JOSEPH L. BUTCHER,**

    **Defendant.**

Case No. 2:17-cr-15
JUDGE EDMUND A. SARGUS, JR.

**OPINION AND ORDER**

This matter is before the Court on Defendant Joseph L. Butcher's Motion for Compassionate Release. (ECF No. 42.) The Government opposes Defendant's release. (ECF No. 43.) For the following reasons, Defendant's Motion is **DENIED.**

**I.**

On February 17, 2017, Defendant appeared before the Court and pleaded guilty to one count of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846. (ECF No. 26.) On July 6, 2017, Defendant was sentenced to 84 months' imprisonment followed by a five-year term of supervised release. (ECF No. 36.) Defendant now asks the Court for a compassionate release due to the COVID-19 pandemic.

**II.**

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district

court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and

finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant moves the Court for a compassionate release. He argues that the Court has the authority to order such a release because he has complied with the statute's administrative requirement and that release is justified due to extraordinary and compelling reasons. Defendant submits that he has obesity, hypertension, and peripheral vascular disease, and that these health conditions and the conditions at FCI McKean put him at an increased risk of severe illness from COVID-19. (ECF No. 42 at 2–5.) Defendant submitted a request for release to the warden of his institution on September 8, 2020, and the warden denied this request on September 18, 2020. (*Id.* at 13.) More than 30 days have passed since the warden received this request; therefore, the Court has authority to decide the motion regardless of any action or inaction by the BOP. § 3582(c)(1)(A).

In this case, even if Defendant did present extraordinary and compelling circumstances, the sentencing factors set forth in § 3553(a) counsel against granting Defendant a compassionate release. *See Ruffin*, 2020 U.S. App. LEXIS 33689, at *19 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *see also United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (affirming district court's denial of compassionate release based on the § 3553(a) factors even assuming that Defendant demonstrated extraordinary and compelling circumstances). Before granting compassionate release, the Court is required to consider whether

such release would comport with the § 3553(a) sentencing factors. § 3582(c)(1)(A). Those factors are as follows:

>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed—
>
>   > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   >
>   > (B) to afford adequate deterrence to criminal conduct;
>   >
>   > (C) to protect the public from further crimes of the defendant; and
>   >
>   > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a).

The Court begins with the nature and circumstances of the offense. The criminal conduct here was serious. Defendant engaged in repeated distribution of a lethal drug, methamphetamine, into the Columbus, Ohio community. A search of Defendant's residence revealed a large quantity of methamphetamine in addition to two firearms. Defendant also enlisted a 17-year-old to assist in distributing methamphetamine. Moving to the history and characteristics of Defendant, he grew up around regular crack-cocaine and opioid use by his parents. Furthermore, Defendant himself has opioid use disorder. Defendant's history and characteristics, however, were adequately accounted for in his original below-guidelines sentence. (*See* ECF No. 38.)

At bottom, Defendant has only served roughly 50% of his 84-month sentence. Releasing Defendant with only half of his lengthy sentence—which already falls far below the guidelines' recommendation—would certainly fail to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). The sentencing factors, therefore, counsel against granting Defendant a compassionate release. §

3582(c)(1)(A).

## IV.

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Compassionate Release.  (ECF No. 42.)

**IT IS SO ORDERED.**

| | |
|---|---|
| 2/8/2021 | s/Edmund A. Sargus, Jr. |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |